**Raymundo GRANADOS CHAVEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–86–00163–CR.**

Court of Appeals of Texas, El Paso.

March 18, 1987.

———

Norbert J. Garney, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

*OPINION*

SCHULTE, Justice.

Appellant was charged with aggravated robbery. He pled guilty to the court and was sentenced to forty-five years to run concurrent with the same sentence in five other robberies to which he pled guilty at the same time. Appellant initially pursued his appeal pro se, and thereafter an attorney was appointed to represent him. We affirm.

Appellant urges two points of error. He contends that since Appellant did not personally sign the stipulation as to the evidence under Tex.Code Crim.Pro.Ann. art. 1.15, and the waiver of jury under Tex.Code Crim.Pro.Ann. art. 1.13, the evidence fails and the court erred in accepting a plea without an effective waiver of jury.

Tex.Code Crim.Pro.Ann. art. 1.13 (Vernon 1977) provides in pertinent part:

The defendant ... shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.

Tex.Code Crim.Pro.Ann. art. 1.15 (Vernon 1977) provides:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall

be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

In regard to the questions we are considering, the judgment recites in pertinent part as follows:

Thereupon the defendant, in person and in open court, waived in writing the right of trial by jury and consented in writing to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the Court, also waived the appearance, confrontation, and cross-examination of witnesses, and requested the consent and approval of the Court to waive said rights; and whereas such consent and approval of the attorney representing the State in writing duly signed by said attorney was filed in the papers in said cause before the defendant entered the plea of guilty and the consent and approval of the court in writing duly signed by the Court was filed, with all of such evidence, in the file of the papers of the cause, and it appears that all prerequisites required by law for the waiving of these rights have been performed; therefore the Court now gives its consent and approval for the said defendant to waive said rights.

Appellant does not claim that he requested a jury trial and was denied that right. No contention is made that Appellant did not voluntarily plead or that he did not in fact request his own attorney to sign the forms for him in his behalf in view of his physical disability at the time. The objection now on appeal and not previously raised is that Appellant did not physically sign the forms. There appears to be no dispute about the fact that at the time the plea was heard the Appellant had a broken arm or hand and for that reason did not personally sign the forms in question. There is no question that Appellant's attorney, John McChristian, signed one guilty plea and waiver of jury form "R.G.C. by John McChrist Defendant has broken hand" and another guilty plea waiver form with the Appellant's initials "RGC." A third form entitled "Acknowlegement: Stipulation and Admission" was signed for Appellant by his attorney as follows: "RGC by JMCC Defendant has broken arm."

The code provisions in question are silent as to the procedure to be followed where the defendant in the trial court is physically unable to sign his name. In fact, they do not specifically require that he *sign*. If we look elsewhere in the statutes, we find parallels. In Section 59 of the Probate Code concerning the requisites of a valid will, it is provided that the will be signed "by the testator in person or by another person for him by his direction and in his presence." In Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon 1979), in regard to statements of an accused, there is a requirement for a witness when the signature of the accused is by mark. The Probate Code would require two witnesses of a mark. These requirements are safeguards dictated by the fact that the instruments concerned are out-of-court documents. Here, as appears of record, safeguards were abundant. The matter was consummated in open court, and not only did the prosecuting attorney witness the act and affix his signature, but the trial judge did so as well. And the other "person for him by his direction and in his presence" (to borrow the language of the Probate Code) was his own duty-bound attorney appointed to represent him.

In *Delespine v. State*, 396 S.W.2d 133 (Tex.Crim.App.1965), the Court of Criminal Appeals in regard to the signing of a confession stated that one may employ any character, figures or designation he considers proper to use as signature and he will be bound thereby, provided that he uses it as a substitute for his name.

We believe that under the facts here presented, Appellant employed his attorney's signature for him as his own, and thus the instruments so executed satisfied the requirements of both Articles 1.13 and 1.15 under the safeguards and circumstances there obtaining. We find that the jury was validly waived and that the stipulation was validly executed in open court in person through his attorney and is manifested in a writing in the transcript before us. Accordingly, we find that the evidence is sufficient. Points of Error Nos. One and Two are overruled.

The judgment is affirmed.